# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODRIQUEZ JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-2019-814-R |
| ) | |
| **ELIZABETH SANDERS; and** ) | |
| **STATE FARM MUTUAL AUTOMOBILE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is the Motion to Remand (Doc.No. 10) filed by Plaintiff, Rodriquez Johnson, pursuant to 28 U.S.C. § 1447(c). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") responded in opposition to the motion. (Doc.No. 13). Upon consideration of the parties' submissions, the Court hereby GRANTS Plaintiff's motion and remands this matter to the District Court of Oklahoma County.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute authorizes defendants to remove any civil action from state court to federal district court if the district court would have original jurisdiction (e.g., through federal question or diversity jurisdiction). 28 U.S.C. § 1441. As the party removing this action, Defendant State Farm bears the burden of establishing jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)("The party invoking federal

jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.

The Notice of Removal recites that Plaintiff is a citizen of Oklahoma, that State Farm is incorporated and has its principal place of business in Illinois. (Doc.No. 1, ¶¶ 6-7). The Notice of Removal does not assert the citizenship of Defendant Sanders, but does refer to her as a forum Defendant.[1] Defendant State Farm asserts that, because Defendant Sanders had not been served at the time of removal, the forum defendant rule, which is set forth in 28 U.S.C. § 1441(b)(2), does not bar removal of this action.[2] In support of its position State Farm cites to numerous cases, each of which is distinguishable from the instant case, because the parties in those cases are diverse—that is, the plaintiffs were not residents of the forum and were diverse from the named, but not yet served, defendants.

---

[1] The Amended Petition filed in the District Court of Oklahoma County contains no allegations regarding Ms. Sanders' residency, citizenship, or domicile. (Doc.No. 1-3)

[2] 28 U.S.C. § 1441(b)(2) provides:
    A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here, the Court lacks any allegations about Ms. Sanders' domicile although the address on the summons issued to Ms. Sanders lists an Oklahoma City address and Sanders was apparently served at this address post-removal. This information is consistent with Defendant's assertion that Ms. Sanders is a forum Defendant. In short, as the party seeking to invoke this Court's jurisdiction, Defendant State Farm has failed in its obligation to establish diversity between the Plaintiff and the Defendants.[3] The forum defendant rule is irrelevant where there is no diversity—here the Notice of Removal fails to establish that diversity exists. Without diversity or a federal question there is no jurisdiction in this Court, regardless of whether Defendant State Farm removed this action before Ms. Sanders was properly joined and served. Accordingly, the matter must be remanded to the District Court of Oklahoma County.

When a case is remanded to state court, the Court in its discretion "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This determination requires a consideration of the "reasonableness of the removal"; this means that if an "objectively reasonable basis exists" for removal, "fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court finds there was no objectively reasonable basis for removal given that Defendant State Farm concedes that Defendant Sanders is a forum Defendant and that Plaintiff is a citizen of Oklahoma as well. Plaintiff shall submit an application for fees and costs, including detailed billing records related to the filing of the motion, within seven

---

[3] Unlike the jurisdictional requirement that diversity exist, the forum defendant rule is non-jurisdictional and may be waived. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013).

days of entry of this Order. Defendant State Farm thereafter shall have five days in which to object to the amount requested in the application, but not to the propriety of costs and fees. Plaintiff's Motion to Remand is hereby GRANTED.

    IT IS SO ORDERED this 7th day of October 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE